LYONS, JUDGE:
Claimants, Paul Edmonds and Brenda Kay Edmonds, filed their claim against the respondent for the loss of their property situate on Chestnut Ridge Road in the District of Cologne, Mason County, West Virginia.
By deed dated the I9th day of April 1977, the claimants purchased a tract of real estate situate on Chestnut Ridge Road in Mason County, West Virginia, and on this tract of real estate, claimants made certain improvements, including the drilling of a well, installation of water lines and pipes, and the installation of a septic tank. Claimants placed thereon their 1973 Liberty mobile home.
Starting in the month of November 1979, and continuing through the date of the filing of this claim, claimants contend the road and surrounding earth located along claimants’ property slid, causing their well to cave in, their septic tank to fail to function properly, and their mobile home foundation to crack, and causing other related damage to the mobile home. This action, claimants contend, is the result of negligence on the part of the West Virginia Department of Highways to properly maintain a ditch line along Chestnut Ridge Road.
The pictoral exhibits indicate that claimants’ mobile home was set on land which embraced certain unnatural drainage areas. James Amenta, soils geologist, testified on behalf of the respondent that the specific landslide that damaged the claimants’ property was basically due to the amount of rainfall and the saturation of the soil in the ground over a period of time, especially two consecutive years of heavy rainfall, and he was of the opinion that the heavy rainfall caused the landslides. Mr. Amenta also testified that for the year of 1979, a total of 170 landslides had been referenced to his division for the entire State, and that 51 of these landslides were localized in the area of Mason County.
Mr. Barney Stinnett, soils engineer for the materials control testing division of the Department of Highways, and who had investigated approximately 800 to 900 landslides, including the landslide which affected the claimants’ property, was also of the opinion that the in *168 creased rainfall had caused the landslide, and not the accumulation of water in the ditch line above claimants’ property.
This Court cannot arbitrarily disregard the testimony of the respondent’s expert witnesses. Therefore, a clear preponderance of the evidence indicates that the slide was caused by the increased rainfall in the area of the claimants’ property and not by the negligence of the Department of Highways.
Claim disallowed.